IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

FRED J. RANDALL and )
PAMELA D. RANDALL, )
)
      Plaintiffs, ) TC-MD 111026C
)
    v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
      Defendant. ) **DECISION**

## I.  STATEMENT OF FACTS

This matter is before the court on Defendant's Motion for Summary Judgment and

Plaintiffs' response to the motion.  Plaintiffs filed a Complaint on September 26, 2011,

challenging Defendant's assessment of interest charges on Plaintiffs' underpayment of estimated

tax (UND) for tax year 2010 arguing that they met the statutory requirements of ORS 316.573(1)

and did not need to file a declaration of estimated tax.  A case management conference was held

on January 17, 2012.  Plaintiffs were represented by Jerald W. Olsen, CPA, and Defendant was

represented by Sandi Lyon, tax auditor.  Defendant's Motion for Summary Judgment was filed

February 3, 2012.  Plaintiffs filed a response on March 7, 2012.

The facts in this case are as follows.  Plaintiffs timely filed a 2010 Oregon income tax

return.  Defendant sent a letter dated July 28, 2011, to Plaintiffs stating that Plaintiffs did not

meet the requirements of ORS 316.573(1) and were required to file a statement of estimated tax.

Defendant also assessed interest on UND in the amount of $288.15.  (Ptfs' Compl at 5-6.)

Defendant calculated Plaintiffs' 2010 gross income as follows:  "Taxable Interest" of $11,092;

"Ordinary Dividends" of $103; "Capital Gains" of $275,655; "Schedule E Income" of $434;

"Gross Farm Income" (Schedule F line 11) of $307,550; for a "Total Gross Income" of $594,834.[1] (Def's Mot for Summ J at 2.)

Under Internal Revenue Code (IRC) section 631, a taxpayer is allowed to elect to treat income from the sale of Christmas trees as a capital gain and be taxed accordingly. IRC section 631 states that "[i]f the taxpayer so elects on his return for a taxable year, the cutting of timber * * * during such year by the taxpayer who owns * * * such timber * * * shall be considered as a sale or exchange of such timber cut during such year." In addition, "the term 'timber' includes evergreen trees which are more than 6 years old at the time severed from the roots and are sold for ornamental purposes." IRC § 631(a). Plaintiffs' tax return shows that they have made such an election. Plaintiffs reported the income from the sale of Christmas trees on their federal income tax return in the amount of $279,977. This income was reported on two separate forms. Sales proceeds in the amount of $279,977 were reported on Schedule F, line 4, as farm income. (Ptfs' Resp at 10.) There was a corresponding entry on line 34d under "stumpage" as an expense in the amount of $279,977. (*Id*.) Plaintiffs also reported the gain on federal Schedule D, "Capital Gains and Losses." (*Id*. at 8.) Plaintiffs listed the Christmas tree income on line 8 of their Schedule D in the amount of $279,977, less a basis of $4,322, for a total capital gain of $275,655. (*Id*.)

## II. ANALYSIS

The issue before the court is whether Plaintiffs meet the requirements of ORS 316.573(1).[2] Plaintiffs allege that they qualified because at least two-thirds of their gross income was from farm income. ORS 316.573(1)(a) states in pertinent part that an individual

---

[1] Defendant's figures state "Total Gross Income" as $595,231, which appears to be a mathematical error.

[2] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to the 2009 version.

does not have to file a declaration of estimated tax if "[t]he estimated gross income of the individual from farming * * * for the taxable year is at least two-thirds of the total estimated gross income from all sources for the taxable year[.]" Plaintiffs' argument is that Defendant has in essence double counted the farm income from the sale of Christmas trees under both "Capital Gains" and "Gross Farm Income" catagories.

The "Capital Gains" reported from line 8 of Plaintiffs' Schedule D was used by Defendant in calculating Plaintiffs' gross income. Defendant also used Form F, line 11, to determine "Gross Farm Income." Defendant is thus counting the sale of Christmas trees twice, once as "Capital Gains" and once as "Farm Income." When the farm income component of "Capital Gains" income of $275,655 is excluded from the gross income calculation on Defendant's Form 10 (Underpayment of Estimated Tax), Plaintiffs' total gross income is reduced to $319,179. Using those figures, the ratio for farm income from Schedule F line 11 ($307,550) to total gross income is 96 percent (rounded). Plaintiffs therefore meet the requirements of ORS 316.573(1) and were not required to file a declaration of estimated tax.

### III. CONCLUSION

Plaintiffs qualified for the exemption from filing a statement of estimated tax for 2010 and are not required to pay the interest charges on their UND. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiffs are eligible for an exemption under ORS 316.573(1) for the 2010 tax year, and the requested relief in the Complaint for the removal of interest assessed on underpayment of estimated tax in the amount of $288.15 is granted.

IT IS FURTHER DECIDED THAT Defendant's Motion for Summary Judgment is denied.

Dated this ___ day of June 2012.


DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on June 26, 2012.  The Court filed and entered this document on June 26, 2012.*